

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

March 25, 1949

Hon. James E. Taylor, Chairman
Senate Finance Committee
51st Legislature
Austin, Texas                    Opinion No. V-794

                    Re: Questions involving the
                        legality of S. B. No. 18,
                        51st Legislature.

Dear Sir:

        Your request for an opinion upon the above
subject matter is as follows:

        "As Chairman of the Senate Finance
    Committee, I have been requested to ask
    your opinion as to the legality of the
    attached Senate Bill No. 18 which pro-
    vides grants to soil conservation dis-
    tricts.  The questions involved are as
    follows:

        "Is it a specific appropriation?
    Are the terms of the bill definite
    enough to be workable?  Is it necessary
    that the Revolving Fund provided for in
    the bill be reappropriated each two
    years?"

        Senate Bill No. 18 is essentially a general
appropriation bill within the meaning of the Constitu-
tion limiting bills to one subject, to be expressly
stated in the Title.  Const. Art. III, Sec. 35.

        The over-all subject expressed in the Title
is the making of grants to soil conservation districts
throughout the State.  The various provisions of the
bill, many of which are stated in the Title as well as
in the body of the bill, are to be regarded as regula-
tions and limitations upon the appropriation made to
the soil conservation districts and therefore are per-
tinent to the Appropriation Act.  If the bill contains
anything that is not germane to the one subject of
grant or appropriation to the soil conservation dis-

tricts, the bill would, for that reason be void only as to such provisions as are not germane to the appropriation.  It is a familiar practice for the Legislature to make numerous such provisions in connection with the usual biennial general Appropriation Acts.

Section 6 of Article VIII of the Constitution provides that:

"No money shall be drawn from the Treasury, but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, . . ."

We think the appropriation of Senate Bill No. 18 is a specific appropriation within the meaning of the foregoing provisions of the Constitution. The special purpose of the appropriation is to aid the soil conservation districts of the State. While there is some indirection in the manner of placing the funds in the hands of the corporate districts, nevertheless the obvious purpose, of the appropriation, beneficially, is to the districts as legal entities though in the formal part of Section 1 of the Act it is shown that the grants to such soil conservation districts shall be made by the Soil Conservation Board on the Board's determination of equity and need.  The requirement for specific appropriation does not contemplate the ultimate degree of specificness.  A lump sum appropriation to the head of a department for the necessary personnel and other expenses satisfies the demand for specificness and in every biennial appropriation, perhaps within the memory of any living person, there have been such items as miscellaneous expense, incidentals, and the like.

"It is settled that no particular form of words is required to render an appropriation specific within the meaning of the constitutional provision under discussion.  It is sufficient if the Legislature authorizes the expenditure by law, and specifies the purpose for which the appropriation is made.  An appropriation can be made for all funds coming from certain sources and deposited in a special fund for a designated purpose.  In such instances, it is not necessary for the appropriating Act to name a certain sum or even

a certain maximum sum.  38 Tex. Jur., pp.
844-845, sec. 27, and authorities there
cited."  National Biscuit Co. v. State, 135
S. W. (2d) 687.

We therefore hold that the appropriation of
Senate Bill 18 is constitutionally valid.

The bill is probably prolix, and there may be
some controversy and even much room for differences of
opinion as to the meaning of its various provisions.
There is much circuity of approach in the language. But
we cannot say that there is such indefiniteness as to
be unworkable.  Under the established rules of statutory
construction we look liberally upon the statute.  Viewing it in the light most favorable to its general purpose, we cannot say even that the bill is unusually
indefinite, much less can we say that it is unworkable.
If controversies arise in the administration of the
bill if it should become a law, they not only are to be
considered and determined by the administrative officers, but the courts now are open to disputants through
declaratory judgment proceedings.

Finally, we consider the question whether or
not it is necessary that the fund provided in the bill
be reappropriated each two years.  In Section 6 of Article VIII of the Constitution already quoted, we find
this mandatory language:

". . . nor shall any appropriation of
money be made for a longer term than two
years, . . ."

This language is unambiguous and needs no
construction.  The unused portions of the unpledged
appropriation for the constitutional two years must
be reappropriated before it may be drawn from the
Treasury into which it lapsed at the expiration of
the appropriation period of two years.

This opinion is limited to these specific
questions asked by you:  Is the appropriation specific,
is the bill sufficiently definite to be workable, and
must the fund be reappropriated each two years?

### SUMMARY

Senate Bill No. 18 of the 51st Legislature, Regular Session, appropriating sums of money for the several soil conservation districts in Texas is sufficient as a specific appropriation under Section 6, Article VIII of the Constitution. The Bill itself is sufficiently definite in its terms, and cannot be held to be unworkable if enacted into law. The appropriations of the Bill expire at the end of two years under Sec. 6 of Art. VIII of the Constitution.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By __Ocie Speer__
Ocie Speer
Assistant

APPROVED:

__Price Daniel__
ATTORNEY GENERAL

OS:wb:jrb